UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
                              :

INGERSOLL-RAND COMPANY      :
                              :        Civil Action No.:
            Plaintiff,     :        08-Civ-3532 (NRB)
       v.               :        ECF CASE
                              :

CNA INSURANCE COMPANY, AS   :       **ANSWER**
SUCESSOR TO CONTINENTAL     :
CASUALTY COMPANY,          :       <u>Jury Trial Demanded</u>
                              :

           Defendant.    :
                              :
-----------------------------------------------------X

       Defendant, Continental Casualty Company ("CCC") sued herein as CNA Insurance Company, as successor to Continental Casualty Company[1], as and for its Answer to the Complaint of plaintiff, Ingersoll-Rand Company ("I-R"), alleges as follows:

       1.     The allegations in paragraph 1 of the Complaint constitute conclusions of law such that no response is necessary, but insofar as a response is deemed necessary, CCC denies the allegations set forth within paragraph 1 of the Complaint.

       2.     CCC, upon information and belief, admits that I-R is incorporated under the laws of the State of New Jersey and maintains its principal place of business at 155 Chestnut Ridge Road, Montvale, New Jersey, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 of the Complaint.

---

[1] "CNA Insurance Company" is not a legal entity capable of suing or being sued. "CNA Insurance Company" is a fleet name for a related group of companies. Continental Casualty Company, which has been named herein as the predecessor to CNA Insurance Company, is part of the "CNA Insurance Company" family.

3.      In response to paragraph 3 of the Complaint, CCC avers that "CNA Insurance Company" is not a legal entity capable of suing or being sued and otherwise denies the allegations contained therein.  Notwithstanding the forgoing denial CCC is incorporated under the laws of the State of Illinois and maintains a principal place of business within the State of Illinois.

4.      The allegations in paragraph 4 of the Complaint constitute conclusions of law such that no response is necessary, but insofar as a response is deemed necessary, CCC admits only that CCC is an Illinois corporation, having its principal place of business within the State of Illinois, and that upon information and belief, I-R is a New Jersey Corporation having its principal place of business in the State of New Jersey.

5.      The allegations contained within paragraph 5 of the Complaint constitute conclusions of law such that no response is necessary, but insofar as a response is deemed necessary, CCC denies the allegations contained within paragraph 5 of the Complaint.

6.      CCC, upon information and belief, admits only that I-R has been named as a defendant in asbestos-related lawsuits, and otherwise denies that it has any obligation to provide I-R with a defense or indemnity in connection with the asbestos-related lawsuits filed against I-R.

7.      The allegations contained within paragraph 7 of the Complaint constitute conclusions of law such that no response is necessary, but insofar as a response is deemed necessary, CCC denies the allegations contained within paragraph 7 of the Complaint.

8.      Denies knowledge or information sufficient to form a response as to the allegations set forth within paragraph 8 of the Complaint.

9.    Denies the allegations contained within paragraph numbers 9 through 12 of the Complaint.

10.    The allegations of paragraph numbers 13 through 18 constitute conclusions of law such that no response is necessary, but insofar as a response is deemed necessary, CCC denies the allegations contained within paragraph numbers 13 through 18 of the Complaint.

11.    Admits only that I-R contacted CNA to request coverage for I-R asbestos-related defense and indemnity costs.    The remaining allegations contained within paragraph 19 constitute conclusions of law such that no response is necessary, but insofar as a response is deemed necessary, CCC denies the allegations contained within paragraph 19 of the Complaint.

12.    Admits only that CCC made multiple, unsuccessful requests that I-R provide information sufficient for CCC to determine the existence and terms of the alleged policy as well as the existence of any coverage obligation, and that I-R has failed to provide CCC with such information.    CCC otherwise denies the remaining allegations contained within paragraph 20 of the Complaint.

13.    Admits only that CCC possesses no copy of the alleged policy, and otherwise denies the remaining allegations contained within paragraph 21 of the Complaint.

14.    Admits only that I-R demanded that CCC provide coverage for asbestos claims asserted against I-R.    CCC denies knowledge or information sufficient to form a response as to I-R's allegations concerning its "Complex Claims Manager," and

otherwise denies the remaining allegations contained within paragraph 22 of the Complaint.

15.     Admits only that I-R demanded that CCC provide coverage for asbestos claims asserted against I-R, and otherwise denies the remaining allegations contained within paragraph 23 of the Complaint.

16.     The allegations contained within paragraph 24 of the Complaint constitute conclusions of law such that no response is necessary, but insofar as a response is deemed necessary, CCC admits only that it requested information demonstrating exhaustion of the liability insurance policies underlying the alleged policy, and otherwise denies the remaining allegations contained within paragraph 24 of the Complaint.

17.     Admits only that CCC continued to request evidence of exhaustion of the policies underlying the alleged policy, and otherwise denies the remaining allegations contained within paragraph 25 of the Complaint.

18.     Admits only that I-R requested that CCC provide coverage for the asbestos claims asserted against I-R, and otherwise denies the remaining allegations contained within paragraph 26 of the Complaint.

19.     Admits only that CCC met with I-R on or about September 20, 2007 and requested information regarding I-R's liability insurance program and costs paid in connection with the asbestos claims, and otherwise denies the remaining allegations contained within paragraph 27 of the Complaint.

20.     Denies the allegations contained within paragraph 28 of the Complaint.

21.     In response to paragraph 29 of the Complaint, CCC repeats and re-alleges with the same force and effect its responses to I-R's allegations set forth in paragraphs 1 through 28 of the Complaint as though fully set forth herein.

22.     The allegations contained within paragraphs 30 through 34 of the Complaint constitute conclusions of law such that no response is unnecessary, but insofar as a response is deemed necessary, CCC denies the allegations contained within paragraphs 30 through 34 of the Complaint.

23.     In response to paragraph 35 of the Complaint, CCC repeats and re-alleges with the same force and effect its responses to I-R's allegations set forth in paragraphs 1 through 34 of the Complaint as though fully set forth herein.

24.     The allegations contained within paragraphs 36 through 47 of the Complaint constitutes conclusions of law such that no response is necessary, but insofar as a response is deemed necessary, CCC denies the allegations contained within paragraphs 36 and 47 of the Complaint.

25.     In response to paragraph 48 of the Complaint, CCC repeats and re-alleges with the same force and effect its responses to I-R's allegations set forth in paragraphs 1-47 of the Complaint as though fully set forth herein.

26.     Paragraph 49 of the Complaint constitutes conclusions of law such that no response is necessary, but insofar as a response is deemed necessary, CCC denies knowledge or information sufficient to form a response as to allegations of Paragraph 49.

27.     Denies knowledge or information sufficient to form a response as to the allegations contained within paragraph 50 of the Complaint.

28.    Paragraph 51 of the Complaint constitutes conclusions of law such that no response is necessary, but insofar as a response is deemed necessary, CCC denies the allegations in paragraph 51 of the Complaint.

29.    Paragraph 52 of the Complaint constitutes conclusions of law such that no response is necessary, but insofar as a response is deemed necessary, CCC admits that issuance of relief by this Court will resolve the existing controversy between the parties.

30.    Paragraph 53 of the Complaint constitutes conclusions of law such that no response is necessary, but insofar as a response is deemed necessary, CCC denies the allegations in paragraph 53 of the Complaint.

31.    CCC denies each and every allegation contained in I-R's request for relief, including, without limitation, paragraphs 1 through 4.  CCC further denies that I-R is entitled to any or all relief sought.

## AS AND FOR A FIRST DEFENSE

32.    The Complaint, and each of the causes of action alleged therein, fails to allege facts sufficient to state a cause of action against CCC upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE

33.    To the extent the Complaint states a claim against CCC upon which relief could be granted, such claim is or may be barred by application of the equitable doctrines of waiver, estoppel, laches, and unclean hands, and/or by operation of the applicable statute of limitations.

## AS AND FOR A THIRD DEFENSE

34.    This Court lacks personal jurisdiction over CCC.

## AS AND FOR A FOURTH DEFENSE

35.     Venue is improper.

## AS AND FOR A FIFTH DEFENSE

36.     The Complaint is, or may be, subject to dismissal for failure to join all parties necessary and/or indispensable to this action in order for complete relief to be afforded by this Court.

## AS AND FOR A SIXTH DEFENSE

37.     I-R lacks standing to bring this action.

## AS AND FOR A SEVENTH DEFENSE

38.     I-R cannot meet its burden of proving the existence of the alleged policy at issue herein.

## AS AND FOR AN EIGHTH DEFENSE

39.     I-R cannot meet its burden of proving of the terms of the alleged policy at issue herein.

## AS AND FOR A NINTH DEFENSE

40.     There is no coverage under the alleged policy, to the extent it exists, unless and until all deductibles, self-insured retentions, underlying insurance coverage, and all other primary and lower level excess or umbrella insurance coverage which may be applicable to any particular underlying claim has been exhausted.

## AS AND FOR A TENTH DEFENSE

41.     I-R cannot meet its burden of proving with competent evidence the limits of policies underlying the alleged policy at issue here are properly exhausted.

## AS AND FOR AN ELEVENTH DEFENSE

42.    Under New Jersey law, which applies to this action, insurance coverage must be allocated as set forth in *Carter Wallace, Inc. v. Admiral Ins. Co.,* 154 N.J. 312 (N.J. 1998), to all periods that are triggered by the claim in question.    Under the allocation method set forth in the *Carter Wallace* case, to the extent I-R can meet its burden of proving the existence and terms of the alleged policy at issue herein, the alleged policy has not attached.

## AS AND FOR A TWELFTH DEFENSE

43.    To the extent that I-R meets its burden of proving the existence and the terms and conditions of the alleged policy at issue herein, I-R has failed to cooperate and/or perform all of its obligations under the insurance policy allegedly issued by CCC to I-R.

## AS AND FOR A THIRTEENTH DEFENSE

44.    Any policy which may have been issued by CCC contains various limits of liability, including but not limited to per occurrence, in the aggregate and/or in the event of other insurance.    In the event that CCC is liable to I-R (which liability is expressly denied), CCC's liability is restricted to said policy limits.

## AS AND FOR A FOURTEENTH DEFENSE

45.    To the extent that I-R meets its burden of proving the existence and the terms and conditions of the alleged policy at issue herein, the causes of action asserted in the Complaint are barred in whole or in part by the terms, exclusions, conditions, limitations and other provisions contained in or incorporated by reference in the insurance policy allegedly issued by CCC to I-R.

## AS AND FOR A FIFTEENTH DEFENSE

46.    To the extent that I-R meets its burden of proving the existence and the terms and conditions of the alleged policy at issue herein, the causes of action asserted in the Complaint are barred in whole or in part because the events giving rise to the allegations in the Complaint do not constitute an "accident" or "occurrence" within the meaning of the insurance policy allegedly issued by CCC to I-R.

## AS AND FOR A SIXTEENTH DEFENSE

47.    I-R's claims are barred in whole or in part under the alleged policy to the extent I-R's claims involve losses which were known or reasonably should have been known by the named insured, or were in progress, at the time of negotiation and issuance of CCC's alleged policy.

## AS AND FOR A SEVENTEENTH DEFENSE

48.    The causes of action asserted in the Complaint are barred, in whole or in part, to the extent any of the damage alleged in the Complaint occurred prior to or after the expiration of the insurance policy CCC allegedly issued to I-R.

## AS AND FOR AN EIGHTEENTH DEFENSE

49.    The causes of action in the Complaint are barred in whole or in part because liability insurance provides coverage only for fortuities. Coverage is barred to the extent the acts, conditions, events and damages alleged in the Complaint or that form the basis of the underlying claims against I-R were not fortuitous.

## AS AND FOR A NINETEENTH DEFENSE

50.     CCC is not liable to I-R to the extent that any "other insurance" clauses contained in the alleged insurance contract apply.  Some or all of the claims against CCC may be barred in whole or in part by reason of existence of other insurance.

## AS AND FOR A TWENTIETH DEFENSE

51.     To the extent that any of the claims or suits for which I-R seeks coverage, seeks recovery of fines, penalties, punitive or exemplary damages, such claims or suits are not covered under the terms and provisions of the alleged policies issued by CCC by applicable law, or by public policy.

## AS AND FOR A TWENTY-FIRST DEFENSE

52.     The alleged policy does not provide coverage to the extent that any of the costs alleged in the Complaint have not yet been incurred and/or have not yet been finally determined.

## AS AND FOR A TWENTY-SECOND DEFENSE

53.     CCC reserves its rights to assert any and all defenses which may have been excluded from this answer in the event that further information becomes available to CCC through discovery or further investigation.

WHEREFORE, defendant CCC demands judgment as follows:

1.     Determining and declaring that I-R has not met its burden of proving the existence or terms of the alleged CCC policy and that CCC does not owe any defense or indemnification thereunder.

2.    Determining and declaring that, to the extent the alleged CCC policy exists, I-R's losses have not reached the limits of the alleged policy.

3.    Declaring that any insurance contract allegedly entered into by CCC does not cover the claims alleged in the Complaint;

4.    Dismissing the Complaint with prejudice; and

5.    Such other and further relief as to this Court appears just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
       June 2, 2008

Respectfully submitted,

**FORD MARRIN ESPOSITO WITMEYER
& GLESER, L.L.P.**

By: _Alfred L. D'Isernia_

Edward M. Pinter (EP 5869)
Alfred L. D'Isernia (AD 9700)

Wall Street Plaza
New York, New York 10005-1875
Tel.: (212) 269-4900
*Attorneys for Defendant Continental Casualty
Company*