UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Civil Action No.: 08 Civ. 3532 (NRB)

------------------------------------------------------- X
INGERSOLL-RAND COMPANY                                   :
                                                         :
            Plaintiff,                                   :   **ANSWER, AFFIRMATIVE DEFENSES**
                                                         :   **AND RESPONSE TO CROSS-CLAIMS**
                                                         :   **OF DEFENDANT FEDERAL**
                                                         :   **INSURANCE COMPANY TO THIRD**
                                                         :   **PARTY COMPLAINT OF**
                                                         :   **CONTINENTAL CASUALTY**
                                                         :   **COMPANY**
                                                         :
  - against -                                            :
                                                         :
CNA INSURANCE COMPANY, AS                                :
SUCCESSOR TO CONTINENTAL                                 :
CASUALTY COMPANY,                                        :
                                                         :
            Defendant.                                   :
                                                         :
------------------------------------------------------- X
------------------------------------------------------- X
CONTINENTAL CASUALTY COMPANY                             :
                                                         :
            Third–Party Plaintiff,                       :
                                                         :
  - against -                                            :
AIU INSURANCE COMPANY;  et al.                           :
                                                         :
            Third-Party Defendants.                      :
------------------------------------------------------- X

Third-Party Defendant Federal Insurance Company ("Federal"), by and through its undersigned counsel, Cozen O'Connor, answers the allegations of the Third-Party Complaint of Continental Casualty Company, interposes affirmative defenses, and answers any cross-claims as follows:

## GENERAL ALLEGATIONS[1]

### NATURE OF ACTION

1-2. To the extent that paragraphs 1-2 of CCC's Third-Party Complaint purports to set forth the nature of the action, no response is required. To the extent that paragraphs 1-2 purports to state factual allegations, Federal is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, which therefore are deemed denied.

### THE PARTIES

3.-16. Federal is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 3-16 of CCC's Third-Party Complaint, which therefore are deemed denied.

17. Admitted in part; denied in part. Federal admits that it is a corporation with a principal place of business in New Jersey, and that it is authorized to issue insurance policies in New York and various other states. Federal denies that it is incorporated under the laws of New Jersey. Federal is incorporated in Indiana.

---

[1] Federal has replicated the various headings used in CCC's Third-Party Complaint solely for the Court's ease of reference and with the understanding that these headings do not constitute substantive allegations to which any responsive pleading is required. Federal does not adopt, and to the extent necessary denies, the accuracy of these headings. For consistency, and where appropriate, Federal continues the use of defined terms from Plaintiffs' complaint.

18.-39.   Federal is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 18-39 of CCC's Third-Party Complaint, which therefore are deemed denied.

## JURISDICTION AND VENUE

40.-41.   Federal does not dispute this Court's jurisdiction over this action or that venue is proper in this Court.  To the extent that paragraphs 40-41 of CCC's Third-Party Complaint are deemed to contain factual allegations, Federal is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, which therefore are deemed denied.

## THE INSURANCE POLICIES

42.-53.   Federal is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 42-53 of CCC's Third-Party Complaint, which therefore are deemed denied.

54.       It is admitted only that Federal issued certain liability insurance policies to Ingersoll Rand.  Those policies, as writings, speak for themselves and CCC's characterizations of such policies are denied.  Reference is made to such policies for their complete terms and conditions.

55.-76.   Federal is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 55-76 of CCC's Third-Party Complaint, which therefore are deemed denied.

## AS AND FOR A FIRST CAUSE OF ACTION
### (DEFENSE AND INDEMNITY OBLIGATIONS)

77.       Federal incorporates by reference in their entirety its responses to the allegations of paragraphs 1-76.

78. To the extent that paragraph 78 of CCC's Third-Party Complaint purports to set forth the nature of the action, no response is required. To the extent that paragraph 78 purports to state factual allegations, Federal is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, which therefore are deemed denied.

79.-80. Federal is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 79-80 of CCC's Third-Party Complaint, which therefore are deemed denied.

81-82. The allegations of paragraphs 81-82 of CCC's Third-Party Complaint constitute legal conclusions as to which no response is required.

## AS AND FOR A SECOND CAUSE OF ACTION
### (APPORTIONMENT AND ALLOCATION)

83. Federal incorporates by reference in their entirety its responses to the allegations of paragraphs 1-76.

84.-86. To the extent that the allegations of paragraphs 84-86 of CCC's Third-Party Complaint constitute legal conclusions, no response is required. To the extent that such allegations are deemed to be factual in nature, Federal lacks knowledge or information sufficient to form a belief as to the truth of such allegations, which therefore are deemed denied.

## REQUEST FOR RELIEF

**WHEREFORE**, defendant, Federal Insurance Company, requests the entry of judgment in its favor, together with costs of suit and such other and further relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Statute of Limitations)

Any claims are barred to the extent that they are barred in whole or in part by the statute of limitations and by the limitations of actions contained in the policy or policies of insurance allegedly issued by Federal or incorporated therein.

## SECOND AFFIRMATIVE DEFENSE

(Failure to Disclose Material Facts)

Any claims are barred in whole or in part to the extent that an insured or alleged insured failed to disclose, or concealed or misrepresented facts which were material and were known by such insured to be material to the risks undertaken by Federal for the purpose of inducing Federal to issue the alleged policy or policies of insurance.

## THIRD AFFIRMATIVE DEFENSE

(Policy Terms, Exclusions, Conditions and Limitations)

Any claims are barred in whole or in part to the extent provided by virtue of the limits of liability, endorsements, and other terms, conditions, limitations and exclusions contained in or incorporated by reference, expressly or impliedly, in the policy or policies of insurance allegedly issued by Federal.

## FOURTH AFFIRMATIVE DEFENSE

(Violation of Law and/or Public Policy)

To the extent any of the claims or suits for which an insured or alleged insured or any Insurer Party seeks recovery include fines, penalties, punitive or exemplary damages, such

claims or suits are not covered under the terms and provisions of the policy or policies of insurance allegedly issued by Federal, by applicable law, or by public policy.

### FIFTH AFFIRMATIVE DEFENSE

(Obligations Secondary to Other Defendants)

In the event it is determined that Federal has any duties, obligations, or liabilities to an insured or alleged insured or any Insurer Party, Federal alleges that they may be secondary, in whole or in part, to the duties, obligations, and/or liabilities of the other defendants, or persons or entities not currently parties to this action.

### SIXTH AFFIRMATIVE DEFENSE

(Expected or Intended Damage)

To the extent that the matters giving rise to the claims being asserted against an insured or alleged insured were either expected or intended by an insured or alleged insured, such claims are not covered by the policy or policies of insurance allegedly issued by Federal.

### SEVENTH AFFIRMATIVE DEFENSE

(Limits of Liability)

The policy or policies of insurance issued by Federal contain limits of liability per occurrence and in the aggregate and/or in the event of other insurance. In the event that Federal is found to have any liability to indemnify an insured or alleged insured or to pay any monies to any Insurer Party, the amount of coverage is restricted to said limits in accordance with the terms of the policy or policies allegedly issued by Federal or incorporated therein by reference.

## EIGHTH AFFIRMATIVE DEFENSE

### (Other Insurance)

Any claims may be barred in whole or in part by reason of the "other insurance" clauses in the policy or policies of insurance allegedly issued by Federal or in the policy or policies to which Federal allegedly follows form.

## NINTH AFFIRMATIVE DEFENSE

### (Exhaustion of Underlying Insurance)

The alleged Federal excess policy or polices do not afford coverage for an insured's or alleged insured's claims if such insured or alleged insured has failed to exhaust underlying coverage.

## TENTH AFFIRMATIVE DEFENSE

### (No Defense)

The alleged Federal policy or policies may not contain a duty to defend or reimburse defense costs.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Named Insured)

Any claims are barred to the extent the alleged Federal policy or policies were issued to entities other than a named insured thereunder.

## TWELFTH AFFIRMATIVE DEFENSE

### (Post Policy Liabilities)

Any claims are barred to the extent an insured or alleged insured seeks coverage for liabilities assumed after the alleged Federal policy period.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of a Justiciable Controversy)

This action is barred by to the extent that no justiciable controversy currently exists.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Cooperation Clause)

Any claims are barred to the extent that an insured or alleged insured has failed or fails to comply with any cooperation clauses in the alleged Federal policy or policies or incorporated by reference therein.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Voluntary Payment)

Any claims are barred to the extent that they arise from payments constituting voluntary payments as provided by the voluntary payment provisions of any alleged Federal policy or policies or incorporated by reference therein.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Loss)

Federal has no obligation to pay until a loss occurs as that term is defined under the alleged policy or policies.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Assignment)

Any claims are barred to the extent they constitute assigned claims or to the extent an insured or alleged insured has attempted to assign the alleged policy or policies without consent of Federal.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Notice)

Any claims for coverage may be barred to the extent that an insured or alleged insured has failed or fails to provide prompt notice.

### NINETEENTH AFFIRMATIVE DEFENSE

(No Legal Obligation)

To the extent any claims do not arise out of a legal obligation of an insured, any claims fail to state a claim for relief under the alleged Federal policy or policies.

### TWENTIETH AFFIRMATIVE DEFENSE

(Named Insured)

Any claims are barred to the extent the injury alleged was not caused by a named insured.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Loss Not in Policy Period)

Any claims are barred to the extent they seek coverage for bodily injuries that occurred outside the alleged Federal policy periods.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(No Bodily Injury or Property Damage)

Any claims are barred to the extent they do not arise out of bodily injury, property damage, an accident or an occurrence.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Asbestos Exclusion)

Any claims are barred to the extent the alleged policy or policies or underlying policy or policies exclude coverage for losses incurred in connection with asbestos exposure.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(No Bodily Injury or Property Damage)

Any claims are barred to the extent the underlying claims do not arise out of or do not constitute bodily injury and/or personal injury and do not seek damages because of bodily injury and/or personal injury.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any claims against Federal are barred to the extent the underlying claims were known risks, losses in progress before any alleged policy period, or were non-fortuitous.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Exhaustion and Retained Limits)

There is no coverage under the alleged policies to the extent that (a) the limits of the underlying policy or policies have not been properly exhausted, (b) the retained limits, if any, under the relevant policy or policies have not been exceeded, and/or (c) the policyholder failed to maintain policies in full force and effect below the relevant policy or policies.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Acquisition or Divestiture)

Federal may have no liability for some or all of the alleged losses arising out of some or all portions of operations that have been sold to or acquired from entities who are not a named insured.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Subsidiaries, Affiliates and Successors)

Coverage may not extend to certain alleged policyholder subsidiaries, affiliates and/or successors.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(Unreasonable Settlements)

Coverage is barred to the extent any settlements were entered into in bad faith, collusively or for unreasonable amounts or with unreasonable conditions.

### THIRTIETH AFFIRMATIVE DEFENSE

(Breach of Policy Terms)

Coverage is barred to the extent the insured has violated or breached any of Federal's rights under its alleged policy or policies, including, but not limited to, the right to notice of claims or the right to associate in a defense.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

(No Action Clause)

Any claims are barred to the extent an insured or alleged insured has violated any no action clause incorporated by reference into the alleged Federal policy or policies.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

(Increase in Risk)

Any claims are barred to the extent an insured or alleged insured has materially increased the risk to Federal.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

(Drop Down)

Any claims are barred to the extent they seek coverage from Federal for other coverage that has become insolvent.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Undiscovered Available Defenses)

Federal may have additional defenses that cannot be articulated because it does not have all the documents or information bearing on insurance coverage issues.  Because

Federal cannot now assert all the issues and defenses, Federal reserves the right to reevaluate, reassess and replead affirmative defenses to the extent additional issues arise.

## ANSWER TO CROSS-CLAIMS

Federal denies the allegations of any cross-claims for contribution and indemnification asserted or to be asserted against it in this action.

**WHEREFORE**, Federal prays upon a final hearing hereof, the Court dismiss plaintiff's Complaint against Federal and grant Federal its costs incurred, and other such additional and further relief to which it may show itself justly entitled.

FEDERAL INSURANCE COMPANY

By Counsel,

/s/ Jacob C. Cohn
Jacob C. Cohn
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000

Dated:  July 15, 2008