UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------
INGERSOLL-RAND COMPANY

        Plaintiff,

- against -   Civil Action No.: 08 CV 3532 (NRB)

CNA INSURANCE COMPANY, AS
SUCCESSOR TO CONTINENTAL
CASUALTY COMPANY,

        Defendant.
---------------------------------------------------------
---------------------------------------------------------
CONTINENTAL CASUALTY COMPANY   **ANSWER, AFFIRMATIVE**
                                                     **DEFENSES AND ANSWERS TO**
        Third-Party Plaintiff,   **CROSS-CLAIMS ON BEHALF OF**
                                                     **THIRD PARTY DEFENDANT**
- against -   **ALLIANZ UNDERWRITERS**
                                                     **INSURANCE COMPANY TO**
AIU INSURANCE COMPANY; ALLIANZ   **THIRD PARTY COMPLAINT OF**
UNDERWRITERS, INC.; ALLSTATE   **CONTINENTAL CASUALTY**
INSURANCE COMPANY, AS   **COMPANY**
SUCCESSOR TO NORTHBROOK
INSURANCE COMPANY; AMERICAN
CENTENNIAL INSURANCE COMPANY;
AMERICAN EMPIRE SURPLUS LINES
INSURANCE COMPANY; AMERICAN
HOME ASSURANCE COMPANY; AXA
BELGIUM SA, AS SUCCESSOR TO
ROYAL BELGE; BIRMINGHAM FIRE
INSURANCE COMPANY OF
PENNSYLVANIA, n/k/a AIG CASUALTY
COMPANY; CENTURY INDEMNITY
COMPANY, AS SUCCESSOR TO
CALIFORNIA UNION INSURANCE
COMPANY; THE CENTRAL NATIONAL

1

INSURANCE COMPANY OF OMAHA; EMPLOYER'S INSURANCE OF WASSAU; EVEREST REINSURANCE COMPANY, AS SUCCESSOR TO PRUDENTIAL REINSURANCE COMPANY; FEDERAL INSURANCE COMPANY; FIREMAN'S FUND INSURANCE COMPANY; FIRST STATE INSURANCE COMPANY; FREMONT INDEMNITY COMPANY, f/k/a INDUSTRIAL INDEMNITY COMPANY; GENERAL REINSURANCE CORPORATION; GRANITE STATE

INSURANCE COMPANY; HARTFORD ACCIDENT & INDEMNITY COMPANY; INSURANCE COMPANY OF NORTH AMERICA; INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA; the Commissioner of Banking and Insurance of the State of New Jersey, as Liquidator of INTEGRITY INSURANCE COMPANY; INTERSTATE FIRE & CASUALTY COMPANY, AS SUCCESSOR TO INTERNATIONAL INSURANCE COMPANY, INDIVIDUALLY AND AS SUCCESSOR TO INTERNATIONAL SURPLUS LINES INSURANCE COMPANY; LEXINGTON INSURANCE COMPANY; LIBERTY MUTUAL INSURANCE COMPANY; MT. MCKINLEY INSURANCE COMPANY, f/k/a GIBRALTAR CASUALTY COMPANY; NATIONAL FIRE & MARINE INSURANCE COMPANY; NATIONAL UNION FIRE COMPANY OF PITTSBURGH, PA; NORTH STAR REINSURANCE CORPORATION; ONEBEACON AMERICA INSURANCE COMPANY, AS SUCCESSOR TO COMMERCIAL UNION INSURANCE COMPANY; Albert A. Riederer, Deputy Liquidator of TRANSIT CASUALTY COMPANY; TWIN CITY FIRE

INSURANCE COMPANY;
UNDERWRITERS AT LLOYD'S,
LONDON; The Insurance Commissioner of
the State of California, as Liquidator of
WESTERN EMPLOYERS INSURANCE
COMPANY

        Third-Party Defendants.

----------------------------------------------------------

Third-Party Defendant Allianz Underwriters Insurance Company ( hereinafter "Allianz"), by and through its undersigned counsel, Gibbons P.C., answers the allegations of the Third-Party Complaint of Continental Casualty Company (hereinafter "CCC"), asserts affirmative defenses and answers any cross-claims as follows:

## GENERAL ALLEGATIONS

## NATURE OF ACTION

1-2.    To the extent that paragraphs 1 and 2 of CCC's Third-Party Complaint purport to set forth the nature of the action, no response is required. To the extent that paragraphs 1 and 2 purport to advance factual allegations, Allianz lacks knowledge or information sufficient to form a belief as to the truth of the allegations, which therefore are deemed denied.

## THE PARTIES

3.    Allianz lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of CCC's Third-Party Complaint. CCC is left to its proofs.

      4.      Allianz lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of CCC's Third-Party Complaint. CCC is left to its proofs.

      5.      Admitted.

      6.-39.      The allegations contained in paragraphs 6 through 39 of CCC's Third Party Complaint do not relate to Allianz, and therefore Allianz does not admit or deny the truth of the allegations contained therein. To the extent, however, that these paragraphs are deemed to advance factual allegations against Allianz, Allianz lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, which therefore are deemed denied.

## JURISDICTION AND VENUE

      40.-41. Allianz does not dispute this Court's jurisdiction over this action or that venue is proper in this Court. To the extent that paragraphs 40 and 41 of CCC's Third-Party Complaint are deemed to assert factual allegations, Allianz lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

## THE INSURANCE POLICIES

      42.      The allegations contained in paragraph 42 of CCC's Third Party Complaint do not relate to Allianz, and therefore Allianz does not admit or deny the truth of the allegations contained therein. To the extent, however, that paragraph 42 is deemed to advance factual allegations against Allianz, Allianz lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, which therefore are deemed denied.

43.     Allianz only admits that a certain liability insurance policy was issued to Ingersoll Rand. This policy, as a writing, speaks for itself and CCC's characterization of said policy is denied.

44-76.  The allegations contained in paragraphs 44 through 76 of CCC's Third Party Complaint do not relate to Allianz, and therefore Allianz does not admit or deny the truth of the allegations contained therein.  To the extent, however, that paragraphs 44 through 76 are deemed to advance factual allegations against Allianz, Allianz lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.  CCC is left to its proofs.

## AS AND FOR A FIRST CAUSE OF ACTION
## (DEFENSE AND INDEMNITY OBLIGATIONS)

77.     Allianz incorporates, repeats and reasserts by reference in their entirety its responses to the allegations of paragraphs 1 through 76.

78. To the extent that paragraph 78 of CCC's Third-Party Complaint purports to set forth the nature of the action, no response is required. To the extent that paragraph 78 purports to advance factual allegations, Allianz lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations.

79.-80. Allianz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 79 and 80 of CCC's Third-Party Complaint. CCC is left to its proofs.

81-82. The allegations of paragraphs 81 and 82 of CCC's Third-Party Complaint constitute legal conclusions as to which no response is required.

## AS AND FOR A SECOND CAUSE OF ACTION
## (APPORTIONMENT AND ALLOCATION)

83. Allianz incorporates by reference in their entirety its responses to the allegations of paragraphs 1 through 83.

84.-86. To the extent that the allegations of paragraphs 84 through 86 of CCC's Third-Party Complaint constitute legal conclusions, no response is required. To the extent that such allegations are deemed to advance factual allegations, Allianz lacks knowledge or information sufficient to form a belief as to the truth of such allegations. CCC is left to its proofs.

## REQUEST FOR RELIEF

**WHEREFORE**, defendant, Allianz Underwriters Insurance Company, requests the entry of judgment in its favor, together with costs of suit and such other and further relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

Any claims are barred to the extent that they are barred in whole or in part by the statute of limitations and by the limitations of actions contained in the policy or policies of insurance allegedly issued by Allianz or incorporated therein.

## SECOND AFFIRMATIVE DEFENSE

Any claims are barred in whole or in part to the extent that an insured or alleged insured failed to disclose, or concealed or misrepresented facts which were material and were known by such insured to be material to the risks undertaken by Allianz for the purpose of inducing Allianz to issue the alleged policy or policies of insurance at issue.

## THIRD AFFIRMATIVE DEFENSE

Any claims are barred in whole or in part to the extent provided by virtue of the limits of liability, endorsements, and other terms, conditions, limitations and exclusions contained in or incorporated by reference, expressly or impliedly, in the policy or policies of insurance allegedly issued by Allianz.

## FOURTH AFFIRMATIVE DEFENSE

To the extent any of the claims or suits for which an insured or alleged insured or any Insurer Party seeks recovery include fines, penalties, punitive or exemplary damages, such claims or suits are not covered under the terms and provisions of the policy or policies of insurance allegedly issued by Allianz, by applicable law, or by public policy.

## FIFTH AFFIRMATIVE DEFENSE

In the event it is determined that Allianz has any duties, obligations, or liabilities to an insured or alleged insured or any Insurer Party, Allianz alleges that it may be secondary, in whole or in part, to the duties, obligations, and/or liabilities of the other defendants, or persons or entities not currently parties to this action.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent that the matters giving rise to the claims being asserted against an insured or alleged insured were either expected or intended by an insured or alleged insured, such claims are not covered by the policy or policies of insurance allegedly issued by Allianz.

**SEVENTH AFFIRMATIVE DEFENSE**

The policy or policies of insurance issued by Allianz contain limits of liability per occurrence and in the aggregate and/or in the event of other insurance. In the event that Allianz is found to have any liability to indemnify an insured or alleged insured or to pay any monies to any Insurer Party, the amount of coverage is restricted to said limits in accordance with the terms of the policy or policies allegedly issued by Allianz or incorporated therein by reference.

**EIGHTH AFFIRMATIVE DEFENSE**

Any claims may be barred in whole or in part by reason of the "other insurance" clauses in the policy or policies of insurance allegedly issued by Allianz or in the policy or policies to which Allianz allegedly follows form.

**NINTH AFFIRMATIVE DEFENSE**

The alleged Allianz excess or umbrella policy or policies do not afford coverage for an insured's or alleged insured's claims if such insured or alleged insured has failed to exhaust underlying coverage.

**TENTH AFFIRMATIVE DEFENSE**

The alleged Allianz policy or policies may not contain a duty to defend or reimburse defense costs.

### ELEVENTH AFFIRMATIVE DEFENSE

Any claims are barred to the extent the alleged Allianz policy or policies were issued to entities other than a named insured thereunder.

### TWELFTH AFFIRMATIVE DEFENSE

Any claims are barred to the extent an insured or alleged insured seeks coverage for liabilities assumed after the alleged Allianz policy period.

### THIRTEENTH AFFIRMATIVE DEFENSE

This action is barred by to the extent that no justiciable controversy currently exists.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any claims are barred to the extent that an insured or alleged insured has failed or fails to comply with any cooperation clauses in the alleged Allianz policy or policies or incorporated by reference therein.

### FIFTEENTH AFFIRMATIVE DEFENSE

Any claims are barred to the extent that they arise from payments constituting voluntary payments as provided by the voluntary payment provisions of any alleged Allianz policy or policies or incorporated by reference therein.

### SIXTEENTH AFFIRMATIVE DEFENSE

Allianz has no obligation to pay until a loss occurs as that term is defined under the alleged policy or policies.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Any claims are barred to the extent they constitute assigned claims or to the extent an insured or alleged insured has attempted to assign the alleged policy or policies without consent of Allianz.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any claims for coverage may be barred to the extent that an insured or alleged insured has failed or fails to provide prompt notice.

### NINETEENTH AFFIRMATIVE DEFENSE

To the extent any claims do not arise out of a legal obligation of an insured, any claims fail to state a claim for relief under the alleged Allianz policy or policies.

### TWENTIETH AFFIRMATIVE DEFENSE

Any claims are barred to the extent the injury alleged was not caused by a named insured.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Any claims are barred to the extent they seek coverage for bodily injuries that occurred outside the alleged Allianz policy periods.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Any claims are barred to the extent they do not arise out of bodily injury, property damage, an accident or an occurrence.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Any claims are barred to the extent the alleged Allianz policy or policies or underlying policy or policies exclude coverage for losses incurred in connection with asbestos exposure.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any claims are barred to the extent the underlying claims do not arise out of or do not constitute bodily injury and/or personal injury and do not seek damages because of bodily injury and/or personal injury.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any claims against Allianz are barred to the extent the underlying claims were known risks, losses in progress before any alleged policy period, or were non-fortuitous.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

There is no coverage under the alleged Allianz policy or policies to the extent that (a) the limits of the underlying policy or policies have not been properly exhausted, (b) the retained limits, if any, under the relevant policy or policies have not been exceeded, and/or (c) the policyholder failed to maintain policies in full force and effect below the relevant policy or policies.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Allianz may have no liability for some or all of the alleged losses arising out of some or all portions of operations that have been sold to or acquired from entities who are not a named insured.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Coverage may not extend to certain alleged policyholder subsidiaries, affiliates and/or successors.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Coverage is barred to the extent any settlements were entered into in bad faith, collusively or for unreasonable amounts or with unreasonable conditions.

### THIRTIETH AFFIRMATIVE DEFENSE

Coverage is barred to the extent the insured has violated or breached any of Allianz's rights under its alleged policy or policies, including, but not limited to, the right to notice of claims or the right to associate in a defense.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Any claims are barred to the extent an insured or alleged insured has violated any no action clause incorporated by reference into the alleged Allianz policy or policies.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Any claims are barred to the extent an insured or alleged insured has materially increased the risk to Allianz.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Any claims are barred to the extent they seek coverage from Allianz for other coverage that has become insolvent.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Allianz hereby reserves the right to amend this Answer to assert additional Defenses, cross claims, fourth-party complaints, and objections as revealed or suggested by the completion of ongoing investigation and discovery.

### ANSWER TO CROSS-CLAIMS

Allianz denies the allegations of any cross-claims for contribution and indemnification asserted or to be asserted against it in this action.

WHEREFORE, Allianz requests that the Court dismiss third party plaintiff's Complaint against it and grant Allianz its costs incurred, and other such additional and further relief to which it may show itself justly entitled.

          **GIBBONS P.C.**
          One Pennsylvania Plaza, 37th Floor
          New York, New York 10119-3701
          (212) 649-4700

          One Gateway Center
          Newark, New Jersey 07102-5310
          (973) 596-4831
          Attorneys for Third Party Defendant
          *Allianz Underwriters Insurance Company*

          By:    s/ Robert D. Brown Jr.
                 Robert D. Brown Jr. (RB9199)

Dated: July 23, 2008