UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
INGERSOLL-RAND COMPANY,

                Plaintiff,         Docket No. 08 Civ 3532 (NRB)

    v.                                ANSWER, AFFIRMATIVE
                                            DEFENSES, AND RESPONSE
CNA INSURANCE COMPANY, AS          TO CROSS-CLAIMS OF
SUCCESSOR TO CONTINENTAL          ONEBEACON AMERICA
                                            INSURANCE COMPANY
                                            TO THIRD PARTY
                                            COMPLAINT
                            Defendant.
------------------------------------

------------------------------------x
CONTINENTAL CASUALTY COMPANY,

                Third Party Plaintiff

    v.

AIU INSURANCE COMPANY; ALLIANZ UNDERWRITERS
INC.; ALLSTATE INSURANCE COMPANY AS SUCCESSOR
TO NORTHBROOK INSURANCE COMPANY; NATIONAL
FIRE & MARINE INSURANCE COMPANY; ONEBEACON
AMERICA INSURANCE COMPANY; THE REPUBLIC INSURANCE
COMPANY, et al.,

                Third Party Defendants.
------------------------------------x

1

Third-Party Defendant OneBeacon America Insurance Company ("OBAIC"), by and through its undersigned counsel, Kevin G. Snover, answers the allegations of the Third-Party Complaint of Continental Casualty Company ("CCC"), interposes affirmative defenses, and answers any cross-claims as follows:

## GENERAL ALLEGATIONS[1]

## NATURE OF ACTION

1 – 2.  To the extent that paragraphs 1 and 2 of CCC's Third-Party Complaint purport to set forth the nature of the action, no response is required. To the extent that paragraphs 1 and 2 purport to state factual allegations, OBAIC is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, which are therefore deemed denied.

## THE PARTIES

3 – 33.  OBAIC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 3 through 33 of CCC's Third-Party Complaint, which therefore are deemed denied.

34.  Admitted.

35 – 39.  OBAIC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 35 through 39 of CCC's Third Party Complaint, which are therefore deemed denied.

---

1   For purposes of the pleading and ease of reference, OBAIC has utilized the various headings used in CCC's Third-Party Complaint solely for the Court's ease of reference and with the understanding that these headings do not constitute substantive allegations to which any responsive pleading is required. OBAIC does not adopt, and to the extent necessary denies the accuracy or applicability of these headings. Subject to and without wavier of the same

## JURISDICTION AND VENUE

40 – 41. OBAIC does not dispute this Court's jurisdiction over this action or that venue is proper in this Court. To the extent that paragraphs 40 and 41 of CCC's Third Party Complaint are deemed to contain factual allegations, OBAIC is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, which are therefore deemed denied.

## THE INSURANCE POLICIES

41 – 70. OBAIC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 41 through 70 of CCC's Third Party Complaint, which are therefore deemed denied.

71. It is admitted that through one or more predecessors OBAIC actually or allegedly issued certain policies to I-R. OBAIC refers to those policies for their actual terms, and denies any and all allegations of this paragraph to the extent the allegations are inconsistent therewith.

72 – 76. OBAIC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 72 through 76 of CCC's Third Party Complaint, which are therefore deemed denied.

## AS AND FOR A FIRST CAUSE OF ACTION
## (DEFENSE AND INDEMNITY OBLIGATIONS)

77. OBAIC incorporates by reference in their entirety its responses to the allegations of paragraphs 1 through 42 of CCC's Third Party Complaint.

78. To the extent that paragraph 78 of CCC's Third Party Complaint purports to set forth the nature of the action, no response by OBAIC is required. To the extent that paragraph 78 purports to state factual allegations, OBAIC is without knowledge or information sufficient to

---

qualifications, OBAIC has continued the use where appropriate of terms defined in Plaintiff's complaint.

form a belief as to the truth or falsity of such allegations, which therefore are deemed denied.

79 – 80. OBAIC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 79 and 80 of CCC's Third Party Complaint, which are therefore deemed denied.

81 – 82. The allegations of paragraphs 81 and 82 of CCC's Third Party Complaint constitute legal conclusions as to which no response is required.

### AS AND FOR A SECOND CAUSE OF ACTION
### (APPROTIONMENT AND ALLOCATION)

83. OBAIC incorporates by reference in their entirety its responses to the allegations of paragraphs 1 through 48 of CCC's Third Party Complaint.

84 – 86. To the extent that the allegations of paragraphs 84 through 86 of CCC' s Third Party Complaint constitute legal conclusions, no response is required. To the extent that such allegations are deemed to be factual in nature, OBAIC lacks knowledge or information sufficient to form a belief as to the truth of such allegations, which therefore are deemed denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Limitations)

Any claims are barred to the extent that they are barred in whole or in part by the statute of limitations and/or by the limitations of actions contained in any policy of insurance issued by OBAIC or incorporated therein.

## SECOND AFFIRMATIVE DEFENSE

(Policy Terms, Exclusions, Conditions and Limits)

Any claims are barred in whole or in part to the extent provided by virtue of the limits of liability, endorsements, and other terms and conditions, limits, limitations, or exclusions contained in or incorporated by reference, expressly or impliedly, in any policy of insurance issued by OBAIC.

## THIRD AFFIRMATIVE DEFENSE

(Violation of Law and/or Public Policy)

To the extent any of the claims or suits for which an insured or alleged insured or any Insured Party seeks recovery include fines, penalties, punitive or exemplary damages, such claims or suits are not covered under the terms and provisions of any policy issued by OBAIC, by applicable law, or by public policy.

## FOURTH AFFIRMATIVE DEFENSE

(Expected or Intended Damage)

To the extent that the matters giving rise to the claims being asserted against an insured or alleged insured were either expected or intended by an insured or alleged insured, such claims are not covered by any policy issued by OBAIC.

## FIFTH AFFIRMATIVE DEFENSE

(Obligations Secondary to Other Defendants)

In the event it is determined that OBAIC has any duties, obligations, or liabilities to an insured or alleged insured or any Insurer Party, OBAIC alleges that they may be secondary, in whole or in part, to the duties, obligations, and/or liabilities of the other defendants, or persons or

entities not currently parties to this action.

## SIXTH AFFIRMATIVE DEFENSE

(Other Insurance)

Any claims may be barred in whole or in part by reason of the "other insurance" provision in any policy issued by OBAIC.

## SEVENTH AFFIRMATIVE DEFENSE

(Exhaustion of Underlying Insurance)

OBAIC's purported excess policy/ies does/do not provide coverage to the extent that any insured's or alleged insured's claims fail to properly exhaust any applicable underlying coverage.

## EIGHTH AFFIRMATIVE DEFENSE

(Post Policy Liabilities)

Any claims are barred to the extent an insured or alleged insured seeks coverage for liabilities assumed after OBAIC's policy period/s.

## NINTH AFFIRMATIVE DEFENSE

(Lack of a justiciable controversy)

This action is barred to the extent that no justiciable controversy exists.

## TENTH AFFIRMATIVE DEFENSE

(Voluntary Payment)

Any claims are barred to the extent they arise from payments constituting voluntary payments that are otherwise not covered.

## ELEVENTH AFFIRMATIVE DEFENSE

(No assignment)

Any claims are barred to the extent that they constitute assigned claims or to the extent an insured or alleged insured has assigned or attempted to assign any OBAIC policy without consent.

## TWELFTH AFFIRMATIVE DEFENSE

(Notice)

To the extent that the notice provision have not been complied with in connection with the subject claims, there is no coverage under any OBAIC policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

(No Legal Obligation)

To the extent that claims do not arise out of a legal obligation of an insured, there is no coverage under any OBAIC policy.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Loss not in Policy Period)

Any claims are barred to the extent they seek coverage for bodily injuries that occurred outside any OBAIC policy period.

## FIFTEENTH AFFIRMATIVE DEFENSE

(No Bodily Injury or Property Damage)

Any claims are barred to the extent they do not arise out of bodily injury, property damage, an accident or an occurrence.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Known Loss)

Any claims are barred to the extent the underlying claims were known risks, losses in progress, or were non-fortuitous.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Acquisitions or Divestitures)

There is no liability for some or all of the alleged losses arising out of some or all portion of operations that have been sold to or acquired from entities who are not named insureds.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Subsidiaries, Affiliates and Successors)

Coverage may not extend to certain alleged policyholder affiliates, subsidiaries and/or successors.

## NINETEENTH AFFIRMATIVE DEFENSE

(Unreasonable Settlement)

Coverage is barred to the extent any settlements were entered into in bad faith, collusively or for unreasonable amounts or with unreasonable conditions.

## TWENTIETH AFFIRMATIVE DEFENSE

(Breach of Policy Terms)

Coverage is barred to the extent the insured has violated or breached any of rights under any policy, including but not limited to the right to notice of claims or the right to associate in the defense of claims.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Increase in Risk)

Any claims are barred to the extent an insured or alleged insured has materially increased the risk to OBAIC.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Drop Down)

Any claims are barred to the extent they seek coverage for other coverage that has become insolvent.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Undiscovered Available Defenses)

OBAIC may have other additional defenses that cannot be articulated as it does not have access to all documents or information bearing on insurance coverage issues. OBAIC therefore reserves the right to re-evaluate, supplement, restate or replead affirmative defenses to the extent additional issues arise.

## ANSWER TO CROSS-CLAIMS

OBAIC denies the allegations of any cross-claim for contribution and indemnification asserted or to be asserted against it in this action.

**WHEREFORE,** Third Party Defendant OBAIC requests the entry of judgment in its favor, dismissing Third Party Plaintiff's claims against it and granting OBAIC its costs incurred in this action, together with such other and further relief as this Court may deem just and proper.

ONEBEACON AMERICA INSURANCE COMPANY

By its counsel,

                                                                             */s/ Kevin G. Snover*

                                                        KEVIN G. SNOVER, ESQ. [0963]
Attorney for Third Party Defendants National Fire & Marine Insurance Company; OneBeacon America Insurance Company and The Republic Insurance Company
816 Deer Park Avenue
North Babylon, NY 11703
(631) 422-2900

Dated: July 25, 2008