UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INGERSOLL-RAND COMPANY | : |
| Plaintiff, | : DOCKET NO. 08 Civ. 3532 (NRB) |
| -vs.- | : |
| CNA INSURANCE COMPANY, AS SUCCESSOR TO CONTINENTAL CASUALTY COMPANY, | : **ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM/CROSS-CLAIMS AND ANSWERS TO CROSS-CLAIMS OF MT. McKINLEY INSURANCE COMPANY AND EVEREST REINSURANCE COMPANY TO THIRD PARTY COMPLAINT OF CONTINENTAL CASUALTY COMPANY** |
| Defendant. | : |
| CONTINENTAL CASUALTY COMPANY Third-Party Plaintiff, | : |
| -vs.- | : |
| AIU INSURANCE COMPANY, et al. | : |
| Third-Party Defendants. | : |

Third-Party Defendants Mt. McKinley Insurance Company (f/k/a Gibraltar Casualty Company) (hereinafter "Mt. McKinley") and Everest Reinsurance Company (f/k/a Prudential Reinsurance Company) (hereinafter "Everest"), by and through their undersigned counsel, Cozen O'Connor, hereby answer Continental Casualty Company's Third Party Complaint, interpose affirmative defenses and answer any cross-claims as follows:

## GENERAL ALLEGATIONS

## NATURE OF ACTION

1.      To the extent that paragraph 1 of the Third-Party Complaint purports to set forth the nature of the action, no response is required. To the extent paragraph 1 purports to state factual allegations, Mt. McKinley and Everest admit that Ingersoll-Rand ("Plaintiff") filed a Complaint against Continental Casualty Company, and Continental Casualty Company filed an Answer thereto, in the United States District Court for the Southern District of New York, the allegations of which speak for themselves. As for the balance of the allegations in this paragraph, Mt. McKinley and Everest are without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, which are therefore deemed denied.

2.      To the extent that paragraph 2 of the Third-Party Complaint purports to set forth the nature of the action, no response is required. To the extent paragraph 2 purports to state factual allegations, Mt. McKinley and Everest admit that Continental Casualty Company filed a Third-Party Complaint, the allegations of which speak for themselves. As for the balance of the allegations in this paragraph, Mt. McKinley and Everest are without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, which are therefore deemed denied.

## THE PARTIES

3-15.      Mt. McKinley and Everest lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 3-15, which therefore are deemed denied.

16.      Mt. McKinley and Everest deny the allegations contained in paragraph 16, except they admit that Everest is organized under the laws of Delaware, has its principal place of

business in the State of New Jersey, is engaged in the business of insurance, and has, at various times, conducted business in New York.

17-29.  Mt. McKinley and Everest lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 17-29, which therefore are deemed denied.

30.     Mt. McKinley and Everest deny the allegations in paragraph 30, except they admit that Mt. McKinley is incorporated in Delaware, has its principal place of business in the State of New Jersey, was an excess lines insurer in New York and issued excess insurance policies pursuant to the excess lines laws of the State of New York.

31-39.  Mt. McKinley and Everest lack information or knowledge sufficient to form a belief about the truth of the allegations in paragraphs 31-39, which therefore are deemed denied.

## JURISDICTION AND VENUE

40-41.  Mt. McKinley and Everest are without information or knowledge sufficient to form a belief about the truth of the allegations in paragraphs 40-41, which therefore are deemed denied.

## THE INSURANCE POLICIES

42-52.  Mt. McKinley and Everest lack information or knowledge sufficient to form a belief about the truth of the allegations in paragraphs 42-52, which therefore are deemed denied.

53.     Mt. McKinley and Everest only admit that Everest, as a successor to Prudential Reinsurance Company, issued certain policies to Plaintiff, the exact issuing company, policy numbers, terms and conditions of which speak for themselves.  Mt. McKinley and Everest specifically deny Third-Party Plaintiff's characterization of those policies.

54-66. Mt. McKinley and Everest are without information or knowledge sufficient to form a belief about the truth of the allegations in paragraphs 54-66, which therefore are deemed denied.

67. Mt. McKinley, f/k/a Gibraltar Casualty Company, and Everest only admit that Mt. McKinley issued certain insurance policies to Plaintiff, the terms and conditions of which speak for themselves. Mt. McKinley and Everest specifically deny Third-Party Plaintiff's characterization of those policies.

68-76. Mt. McKinley and Everest are without information or knowledge sufficient to form a belief about the truth of the allegations in paragraphs 68-76, which therefore are deemed denied.

### AND AS FOR THE FIRST CAUSE OF ACTION
### (DEFENSE AND INDEMNITY OBLIGATIONS)

77. Mt. McKinley and Everest repeat and incorporate by reference paragraphs 1 through 76 as if set forth fully herein.

78. To the extent that paragraph 78 of the Third-Party Complaint purports to set forth the nature of the action, no response is required. To the extent paragraph 78 purports to state factual allegations, Mt. McKinley and Everest lack knowledge or information sufficient to form a belief as to the truth of such allegations, which therefore are deemed denied.

79-82. To the extent that paragraphs 79-82 of the Third-Party Complaint purport to set forth the nature of the action or constitute legal conclusions, no response is required. To the extent paragraphs 79-82 purport to state factual allegations, Mt. McKinley and Everest lack knowledge or information sufficient to form a belief as to the truth of such allegations, which therefore are deemed denied.

## AS FOR A SECOND CAUSE OF ACTION
## (APPORTIONMENT AND ALLOCATION)

83. Mt. McKinley and Everest repeat and incorporate by reference paragraphs 1 through 82 as if set forth fully herein.

84-86. To the extent that paragraphs 84-86 constitute legal conclusions, no response is required. To the extent paragraphs 84-86 purport to state factual allegations, Mt. McKinley and Everest lack knowledge or information sufficient to form a belief as to the truth of such allegations, which therefore are deemed denied. Mt. McKinley and Everest specifically deny that Third-Party Plaintiff in entitled to any apportionment of liability from Mt. McKinley and Everest.

WHEREFORE, Mt. McKinley and Everest demand judgment in their favor, together with costs, attorneys' fees and such relief as the Court may deem proper.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE
## (Failure to State a Cause of Action)

This action fails to state a cause of action or claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
## (Statute of Limitations)

Any claims are barred to the extent they are extinguished in whole or in part by the statute of limitations and by the limitations of actions contained in the policy or policies of insurance allegedly issued by Mt. McKinley and/or Everest or policies incorporated therein.

## THIRD AFFIRMATIVE DEFENSE
## (Doctrine of Waiver)

Any claims are barred, in whole or in part, by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE
### (Doctrine of Estoppel)

Any claims are barred, in whole or in part, by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE
### (Doctrine of Laches)

Any claims are barred, in whole or in part, by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Disclose Material Facts)

Any claims are barred in whole or in part to the extent that an insured or alleged insured misrepresented, failed to disclose or concealed facts which were material and were known to be material to the risks undertaken by Mt. McKinley and/or Everest for the purpose of inducing Mt. McKinley and/or Everest to issue any policy or policies of insurance.

### SEVENTH AFFIRMATIVE DEFENSE
### (Violation of Law and/or Public Policy)

To the extent any of the claims or suits for which an insured or alleged insured seeks recovery include fines, penalties, punitive or exemplary damages, such claims or suits are not covered under the terms and provisions of any of any policy or policies of insurance issued by Mt. McKinley and/or Everest, based on applicable law or public policy.

### EIGHTH AFFIRMATIVE DEFENSE
### (Policy Terms, Exclusions, Conditions and Limitations)

Any claims are barred in whole or in part to the extent provided by virtue of the limits of liability, endorsements, exclusions, other terms, conditions and/or limitations contained in or incorporated by reference, whether expressly or implicitly, in the policies of insurance issued by Mt. McKinley and Everest.

## NINTH AFFIRMATIVE DEFENSE
### (Obligations Secondary to Other Defendants)

In the event it is determined that Mt. McKinley and/or Everest has any duties, liabilities or obligations to an insured, alleged insured or any other insurer, Mt. McKinley and Everest allege that they are secondary to the duties, liabilities and obligations of the other defendants, third-party defendants, third-party plaintiff, or persons or entities not currently parties to this action.

## TENTH AFFIRMATIVE DEFENSE
### (Events Do Not Constitute an Occurrence)

Any claims are barred in whole or in part to the extent they do not arise out of an "occurrence," as that term is used in or incorporated by reference into the policy or policies of insurance issued by Mt. McKinley and Everest.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Events Do Not Constitute An Accident)

Any claims are barred in whole or in part to the extent they do not arise out of an "accident," as that term is used in or incorporated by reference into the policy or policies of insurance issued by Mt. McKinley and Everest.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Allegation of Damages)

Any claims are barred in whole or in part to the extent they do not seek "damages" as that term is used in or incorporated by reference into the policy or policies of insurance issued by Mt. McKinley and Everest.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (No Bodily Injury or Property Damage)

Any claims are barred in whole or in part to the extent they do not involve "bodily injury" or "property damage" as those terms are used in or incorporated by reference into the

policies of insurance issued by Mt. McKinley and Everest or as the term "bodily injury" or "property damage" applies under applicable law.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (No Occurrence Within Policy Period)

Any claims are barred in whole or in part to the extent that the injuries did not occur within Mt. McKinley and/or Everest's policy period(s) or occurred only in part within Mt. McKinley's and/or Everest's policy period(s).

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Deliberate and Intentional Conduct)

Any claims are barred in whole or in part to the extent they arise from conduct that was deliberate and intentional in nature, as such conduct does not obligate Mt. McKinley and Everest to defend and/or indemnify Plaintiff under the policies of insurance issued by Mt. McKinley and Everest.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Expected and Intended Damage)

Any claims are barred in whole or in part to the extent that the matters giving rise to the claims were either expected or intended, as such claims are not covered by the policies of insurance issued Mt. McKinley and Everest.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Any claims are barred in whole or in part to the extent there has been a failure to exercise reasonable care and diligence to mitigate alleged damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Limits of Liability)

The policies of insurance issued by Mt. McKinley and Everest contain limits of liability per occurrence and/or in the aggregate and/or in the event of other insurance. In the event that

Mt. McKinley or Everest is found to have any obligation, the amount of coverage is restricted to said limits in accordance with the terms of the policies.

### NINETEENTH AFFIRMATIVE DEFENSE
(**Non-Justiciability**)

This action is barred to the extent that it does not present a case or controversy that constitutes a justiciable declaratory judgment action.

### TWENTIETH AFFIRMATIVE DEFENSE
(**Failure to Comply with "Cooperation Clause"**)

Any claims are barred to the extent that an insured or alleged insured has failed to comply with the any "cooperation clause" contained or incorporated by reference into the policy or policies of insurance issued by Mt. McKinley and Everest.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
(**Loss-in-Progress**)

To the extent any loss for which coverage is sought took place under prior insurance policies, coverage is barred by the doctrine of loss in progress.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
(**Condition Precedent**)

There is no coverage to the extent there has not been satisfaction of all conditions precedent to coverage under the policies of insurance issued Mt. McKinley and Everest.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
(**Defense Costs**)

Some or all of the Mt. McKinley and Everest policies do not obligate Mt. McKinley or Everest to defend the underlying actions or to otherwise reimburse for defense costs incurred in connection with the defense of the underlying actions.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**
(<u>Allocation</u>)

In the event coverage is held to exist under the Mt. McKinley or Everest policies, such coverage or liability is subject to an appropriate allocation of any damages to uninsured, self-insured and other insured periods.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**
(<u>Asbestos Exclusion</u>)

Any claims are barred by the relevant asbestos exclusion, if any, contained in or incorporated by reference into the policy or policies of insurance issued by Mt. McKinley and/or Everest and/or any other policy of insurance which may be applicable.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**
(<u>Pollution Exclusion</u>)

Any claims are barred by the relevant pollution exclusion, if any, contained in or incorporated by reference into the policy or policies of insurance issued by Mt. McKinley and/or Everest and/or any other policy of insurance which may be applicable.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**
(<u>Voluntary Payments</u>)

Any claims are barred to the extent that they arise from payments constituting voluntary payments as provided by the voluntary payments (or similar) provision of any alleged Mt. McKinley and/or Everest policy or policies or incorporated by reference therein.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**
(<u>No Coverage for Claims which are not Judgments or Agreed Settlements</u>)

Any claims are barred to the extent that they arise from payment of obligations that have not been fully determined by judgment after trial or written agreement between Mt. McKinley and/or Everest, claimant and an insured, under the policies issued by Mt. McKinley and Everest.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**
(<u>No Loss</u>)

Mt. McKinley and Everest have no obligation to pay until a loss occurs as that term is defined under the alleged policy or policies.

### THIRTIETH AFFIRMATIVE DEFENSE
### (No Assignment)

Any claims are barred to the extent they constitute assigned claims or to the extent an insured or alleged insured has attempted to assign the alleged policy or policies without consent of Mt. McKinley and/or Everest.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Notice)

Any claims are barred to the extent that an insured or alleged insured has failed or fails to provide prompt notice.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
### (No Legal Obligation)

To the extent any claims do not arise out of a legal obligation of an insured, any claims fail to state a claim for relief under the alleged Mt. McKinley and/or Everest policy or policies.

### THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Named Insured)

All claims are barred to the extent the injury or injuries alleged in the underlying claims were not caused by a named insured under the Mt. McKinley and/or Everest policies.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (Exhaustion and Retained Limits)

There is no coverage under the alleged policies to the extent that (a) the limits of the underlying policy or policies have not been properly exhausted, (b) the retained limits, if any,

under the relevant policy or policies have not been exceeded, and/or (c) the policyholder failed to maintain policies in full force and effect below the relevant policy or policies.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Acquisition or Divestiture)

Mt. McKinley and/or Everest may have no liability for some or all of the alleged losses arising out of some or all portions of operations that have been sold to or acquired from entities who are not a named insured.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (Subsidiaries, Affiliates and Successors)

Coverage may not extend to certain alleged policyholder subsidiaries, affiliates and/or successors.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### (Unreasonable Settlements)

Coverage is barred to the extent any settlements were entered into in bad faith, collusively or for unreasonable amounts or with unreasonable conditions.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE
### (Breach of Policy Terms)

Coverage is barred to the extent the Plaintiff has violated or breached any of Mt. McKinley and/or Everest's rights under its alleged policy or policies, including, but not limited to, the right to notice of claims or the right to associate in a defense.

### THIRTY-NINTH AFFIRMATIVE DEFENSE
### (No Action Clause)

All claims are barred to the extent Plaintiff or any alleged insured has violated any no action clause incorporated by reference into the Mt. McKinley and/or Everest policy or policies.

## FORTIETH AFFIRMATIVE DEFENSE
### (Increase in Risk)

All claims are barred to the extent the Plaintiff or any alleged insured has materially increased the risk to Mt. McKinley and/or Everest.

## FORTY-FIRST AFFIRMATIVE DEFENSE
### (Drop Down)

All claims are barred to the extent they seek coverage from Mt. McKinley and/or Everest for other coverage that has become insolvent.

## FORTY-SECOND AFFIRMATIVE DEFENSE
### (Undiscovered Available Defenses)

Mt. McKinley and Everest may have additional defenses that cannot be articulated because they do not have all the documents or information bearing on insurance coverage issues. Because Mt. McKinley and Everest cannot now assert all the issues and defenses, Mt. McKinley and Everest reserve their right to reevaluate, reassess and replead affirmative defenses to the extent additional issues arise.

## COUNTERCLAIM/CROSS-CLAIMS

Everest and Mt. McKinley repeat and reallege their responses to Paragraphs 1 through 86 and Affirmative Defenses, as set forth above. Without accepting as true the allegations of the Complaint and/or Third-Party Complaint, Everest and Mt. McKinley seek judgment that they are entitled to a proper allocation of the expenses and damages for the underlying claims, and indemnification, equitable contribution, and such other relief that the Court deems just and proper, from Third-Party Plaintiff and/or all other insurer Defendants/Third-Party Defendants.

## ANSWER TO CROSS-CLAIMS

Mt. McKinley and Everest deny the allegations of any cross-claims for indemnification and contribution asserted or to be asserted against them in this declaratory action.

**WHEREFORE**, Third-Party Defendants Mt. McKinley and Everest respectfully request this Court to enter judgment in their favor against Third-Party Plaintiff, and grant Mt. McKinley and Everest its costs incurred, and any other relief this Court deems just and proper.

COZEN O'CONNOR

BY: \_\_\_\_\_/s/_____
Michael J. Smith, Esquire (*pro hac vice*)
200 Four Falls Corporate Center, Suite 400
West Conshohocken, PA  19428
phone (610) 832-8353
fax (610) 941-0711
msmith@cozen.com

Melissa Brill (4374)
45 Broadway, 16th Floor
New York, NY 10006
phone (212) 908-1257
fax (866) 825-3144
mbrill@cozen.com

Date: 7/31/08

Attorneys for Third Party Defendants,
Mt. McKinley Insurance Company and
Everest Reinsurance Company