UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INGERSOLL-RAND COMPANY<br><br>        Plaintiff,<br><br>v.<br><br>CNA INSURANCE COMPANY, AS SUCCESSOR TO CONTINENTAL CASUALTY COMPANY,<br><br>        Defendant.<br>CONTINENTAL CASUALTY COMPANY<br><br>        Third-Party Plaintiff,<br><br>v.<br><br>AUI INSURANCE COMPANY, et al.<br><br>        Third-Party Defendants. | Docket No. 08-cv-3532 (NRB)<br><br><br><br>**ANSWER AND SEPARATE DEFENSES OF THIRD-PARTY DEFENDANT ALLSTATE INSURANCE COMPANY, SOLELY AS SUCCESSOR-IN-INTEREST TO NORTHBROOK EXCESS AND SURPLUS INSURANCE COMPANY, FORMERLY NORTHBROOK INSURANCE COMPANY** |

Third-Party Defendant Allstate Insurance Company, solely as successor-in-interest to Northbrook Excess and Surplus Insurance Company, formerly Northbrook Insurance Company ("Allstate"), by and through its attorneys, Cuyler Burk, P.C., hereby answers the Third-Party Complaint ("Complaint") of Third-Party Plaintiff, Continental Casualty Company ("CCC") as follows:

**GENERAL ALLEGATIONS**
**NATURE OF ACTION**

1.     To the extent the allegations of paragraph 1 of the Complaint merely attempt to categorize the nature of this action, no response thereto is required.  Allstate lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint and leaves CCC to its proofs.

2. To the extent the allegations of paragraph 2 of the Complaint merely attempt to categorize the nature of this action, no response thereto is required. To the extent paragraph 2 of the Complaint asserts factual allegations, Allstate admits only that CCC seeks declaratory relief through its Complaint.

## THE PARTIES

3-5. Answering the allegations of paragraphs 3 through 5 of CCC's Complaint, Allstate is without sufficient knowledge or information to admit or deny said allegations and therefore leaves CCC to its proofs.

6. Answering the allegations of paragraph 6 of CCC's Complaint, Allstate admits its state of incorporation was Illinois and that its principal place of business was Northbrook, Illinois. Allstate further admits that Northbrook was authorized to do business in the State of New York and that at certain time periods transacted business within the State of New York.

7-39. Answering the allegations of paragraphs 7 through 39 of CCC's Complaint, Allstate is without sufficient knowledge or information to admit or deny said allegations and therefore leaves CCC to its proofs.

## JURISDICTION AND VENUE

40. To the extent that the allegations of paragraph 40 of the Complaint assert a legal conclusion, no response thereto is required. To the extent that a response is required, Allstate is without sufficient knowledge or information to admit or deny the remaining allegations and therefore leaves CCC to its proofs.

41. To the extent that the allegations of paragraph 41 of the Complaint assert a legal conclusion, no response thereto is required. To the extent that a response is required, Allstate is

without sufficient knowledge or information to admit or deny the remaining allegations and therefore leaves CCC to its proofs.

## THE INSURANCE POLICIES

42-43.   Allstate is without sufficient knowledge or information to admit or deny the allegations of paragraphs 42 through 43 of CCC's Complaint insofar as they are directed to parties other than Northbrook and therefore leaves CCC to its proofs.

44.   Answering the allegations contained in paragraph 44 of CCC's Complaint, Allstate admits only that Northbrook issued the certain excess policies to Ingersoll-Rand ("IR"), the terms and conditions of which speak for themselves.

45-76.   Allstate is without sufficient knowledge or information to admit or deny the allegations of paragraphs 45 through 76 of CCC's Complaint insofar as they are directed to parties other than Northbrook and therefore leaves CCC to its proofs.

## AS AND FOR A FIRST CAUSE OF ACTION
## (DEFENSE AND INDEMNITY OBLIGATIONS)

77.   Answering the allegations of paragraph 77 of CCC's Complaint, Allstate incorporates by reference its responses to paragraphs 1 through 76 of the Complaint.

78.   To the extent the allegations of paragraph 78 of the Complaint merely attempt to categorize the nature of this action, no response thereto is required.  To the extent paragraph 78 of the Complaint asserts factual allegations, Allstate admits only that CCC seeks declaratory relief through its Complaint.

79.   To the extent the allegations of paragraph 79 of the Complaint merely attempt to categorize the nature of this action, no response thereto is required.  Allstate lacks sufficient

knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 79 of the Complaint and leaves CCC to its proofs.

80. Answering the allegations of paragraph 80 of the Complaint, to the extent the allegations of paragraph 80 are directed to Allstate, they are denied. Allstate lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 80 of the Complaint and leaves CCC to its proofs.

81. Answering the allegations of paragraph 81 of the Complaint, to the extent the allegations of paragraph 81 are directed to Allstate, they are denied. Allstate lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 81 of the Complaint and leaves CCC to its proofs.

82. Answering the allegations of paragraph 82 of the Complaint, to the extent the allegations of paragraph 82 are directed to Allstate, they are denied. Allstate lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 82 of the Complaint and leaves CCC to its proofs.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(APPORTIONMENT AND ALLOCATION)**

83. Answering the allegations of paragraph 83 of CCC's Complaint, Allstate incorporates by reference its responses to paragraphs 1 through 82 of the Complaint.

84. Answering the allegations of paragraph 84 of the Complaint, to the extent the allegations of paragraph 84 are directed to Allstate, they are denied. Allstate lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 84 of the Complaint and leaves CCC to its proofs.

85. Answering the allegations of paragraph 85 of the Complaint, to the extent the allegations of paragraph 85 are directed to Allstate, they are denied. Allstate lacks sufficient

knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 85 of the Complaint and leaves CCC to its proofs.

86.  Answering the allegations of paragraph 86 of the Complaint, to the extent the allegations of paragraph 86 are directed to Allstate, they are denied. Allstate lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 86 of the Complaint and leaves CCC to its proofs.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint, and each claim for relief alleged therein, fails to state a claim upon which relief can be granted against Allstate.

### SECOND SEPARATE DEFENSE

The Complaint, and each claim for relief alleged therein, fails to set forth facts which give rise to a claim against Allstate.

### THIRD SEPARATE DEFENSE

Some or all of the claims and rights, if any, against Allstate may be barred, in whole or in part, by any applicable statute of limitations.

### FOURTH SEPARATE DEFENSE

Third-Party Plaintiff may have failed to serve and/or join all indispensable parties to this action.

### FIFTH SEPARATE DEFENSE

Some or all of Third-Party Plaintiff's claims and rights, if any, against Allstate may be barred, in whole or in part, by the equitable doctrine of laches.

### SIXTH SEPARATE DEFENSE

Some or all of Third-Party Plaintiff's claims and rights, if any, against Allstate may be barred, in whole or in part, by the doctrines of waiver and estoppel.

### SEVENTH SEPARATE DEFENSE

Some or all of Third-Party Plaintiff's claims and rights, if any, against Allstate may be barred, in whole or in part, by the doctrine of unclean hands.

### EIGHTH SEPARATE DEFENSE

The policies issued by Northbrook do not provide coverage to any person or entity other than the insured named in the policies.  Accordingly, no coverage is provided to any party in this action that is not a named insured under the policies.

### NINTH SEPARATE DEFENSE

There is no coverage under the policies for bodily injury or personal injury that did not take place during the policy period of the policy.

### TENTH SEPARATE DEFENSE

Allstate has no duty or obligation to the insured under the policies to the extent that the events alleged in the Complaint do not constitute "accidents" or "occurrences" as those terms are used and/or defined in, or incorporated into, the policies.

### ELEVENTH SEPARATE DEFENSE

To the extent that the claims described in the Complaint, and any and all injuries and/or damages resulting therefrom, were expected or intended or nonfortuitous, Allstate has no obligation to the insured under the policies.

**TWELFTH SEPARATE DEFENSE**

To the extent some or all of the claims involved do not constitute "bodily injury," or "personal injury" as defined in, or incorporated into the policies, there is no coverage for claims alleged in the Complaint.

**THIRTEENTH SEPARATE DEFENSE**

Allstate may have no duty to defend under the terms of the policies.

**FOURTEENTH SEPARATE DEFENSE**

To the extent Third-Party Plaintiff lacks standing or capacity to bring or maintain this action, dismissal of this action is required.

**FIFTEENTH SEPARATE DEFENSE**

The insured's claims and rights are barred to the extent Allstate was not provided with timely and proper notice of any alleged accident(s) or occurrence(s) and/or any claim or suit instituted as required by the policies as conditions precedent to coverage.

**SIXTEENTH SEPARATE DEFENSE**

Some or all of the insured's claims and rights against Allstate may be barred because the insured may have failed to perform fully all of the obligations under the policies or to comply with the terms and conditions of the policies.

**SEVENTEENTH SEPARATE DEFENSE**

To the extent that the insured failed to cooperate as required by the policies, it is not entitled to recover under the policies.

### EIGHTEENTH SEPARATE DEFENSE

To the extent that the policies require the insured to forward to Allstate every demand, claim, notice, summons or other process received by the insured, and to the extent the insured failed to do so, then such delay and/or lack of transmittal of claims may have prejudiced Allstate.

### NINETEENTH SEPARATE DEFENSE

To the extent that the policies may be applicable to any loss alleged by the insured, it is excess coverage or applies over a self-insured retention and/or underlying insurance. To the extent that any applicable limits of any underlying insurance policies and/or self-insured retention have not been satisfied, no coverage is available.

### TWENTIETH SEPARATE DEFENSE

To the extent the policies exclude coverage for liability assumed by the insured under any contract or agreement whether written or oral, any claims alleged in the Complaint that arise from liability assumed by the insured are barred.

### TWENTY-FIRST SEPARATE DEFENSE

The policies of insurance issued by Northbrook may contain no obligation to reimburse defense costs.

### TWENTY-SECOND SEPARATE DEFENSE

To the extent the insured has failed to mitigate, minimize or avoid any damages it allegedly sustained, any recovery against Allstate must be reduced by the amount attributable to said failure.

**TWENTY-THIRD SEPARATE DEFENSE**

To the extent that the insured has voluntarily paid or assumed an obligation to pay or incurred any expense without notice to Allstate and has not received Allstate's approval, the insured has breached the terms and conditions of the policies and, consequently, Northbrook may have no obligation to the insured for any such payment, obligation or expense.

**TWENTY-FOURTH SEPARATE DEFENSE**

To the extent the insured seeks indemnification for losses which have not yet arisen and for amounts the insured has not yet paid, Allstate is not obligated to provide coverage.

**TWENTY-FIFTH SEPARATE DEFENSE**

The policies may be void to the extent that no insurable risk existed with respect to any claim at the time of issuance of the policies.

**TWENTY-SIXTH SEPARATE DEFENSE**

To the extent it is determined that the insured (or its agents or representatives) misrepresented, failed to disclose, or omitted material facts regarding its acts, practices or conditions or other material information in connection with any application for insurance allegedly issued by Northbrook or any risk assumed, the claims by the insured may be barred.

**TWENTY-SEVENTH SEPARATE DEFENSE**

Any claim against Allstate is barred to the extent that the insured seeks indemnity in excess of the limits of liability set forth in the policies.

**TWENTY-EIGHTH SEPARATE DEFENSE**

To the extent the insured is covered by other insurance, such insurance may be obligated to defend and indemnify the insured from any and all alleged claims. The policies issued to the insured may not cover the events and claims alleged in the Complaint to the extent that there exists such other insurance.

**TWENTY-NINTH SEPARATE DEFENSE**

Third-Party Plaintiff's causes of action, if any, may be barred in whole or in part by the terms, exclusions, conditions and limitations contained in the insurance policies issued by Northbrook.

**THIRTIETH SEPARATE DEFENSE**

To the extent that it is determined that there exists a more convenient or appropriate forum, this action should be dismissed.

**THIRTY-FIRST SEPARATE DEFENSE**

There is no actual case or controversy between the insured and Northbrook to the extent that an agreement exists between the Insured and Allstate regarding resolution of the claims at issue.

**THIRTY-SECOND SEPARATE DEFENSE**

To the extent that the policies in this action expressly or impliedly incorporates certain terms, conditions, exclusions, and other provisions of underlying or other insurance policies, Allstate is entitled to the benefit of, and incorporate all such terms, conditions, exclusions and other provisions.

**THIRTY-THIRD SEPARATE DEFENSE**

Allstate may have no obligation under the policies to the extent that the insured has impaired or prejudiced any right to subrogation, indemnification, or contribution that Allstate may have.

**THIRTY-FOURTH SEPARATE DEFENSE**

Third-Party Plaintiff's claims for coverage may be barred or reduced to the extent that the policies' limits have been exhausted or impaired.

**THIRTY-FIFTH SEPARATE DEFENSE**

The policies of insurance underwritten by Northbrook do not provide coverage to the extent that the insured's acts or omissions that gave rise to the alleged claims against it were in violation of law or public policy.

**THIRTY-SIXTH SEPARATE DEFENSE**

The policies of insurance underwritten by Northbrook do not provide coverage to the extent that the insured's obligations to pay the alleged claims against it have not been finally determined by judgment or settlement.

**THIRTY-SEVENTH SEPARATE DEFENSE**

The underlying claims which are the subject of this action may already be subject to an agreement, the terms of which agreement control.

**THIRTY-EIGHTH SEPARATE DEFENSE**

Third-Party Plaintiff's claims may be barred by the doctrine of release.

**THIRTY-NINTH SEPARATE DEFENSE**

The Complaint contains insufficient information to permit Allstate to raise all appropriate defenses; therefore, Allstate reserves its rights to amend and/or supplement this Answer with additional separate defenses.

**ANSWER TO CROSSCLAIMS**

To the extent that any co-defendant herein asserts any Crossclaims seeking contribution and/or indemnity from Allstate, Allstate hereby denies the allegations of any and all such Crossclaims or other claims heretofore asserted or which may hereafter be asserted against Allstate by any other parties present and/or to be named in this action.

**WHEREFORE**, Allstate Insurance Company, solely as successor in interest to Northbrook Excess and Surplus Insurance Company, formerly Northbrook Insurance Company ("Allstate"), respectfully requests judgment:

1. Dismissing with prejudice the Third-Party Complaint against Allstate in its entirety;

2. Declaring that Allstate has no obligation with respect to any claims or parties included in the subject matter of or arising out of the within litigation or any other claims, under the policies of insurance issued by Northbrook;

3. Declaring that should the Court find that coverage exists for some or all of the claims asserted, this Court allocate any and all obligations and rights of the parties pursuant to applicable law; and

    4.    Awarding Allstate attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

Dated: August 1, 2008

*Stefano Calogero*
Stefano Calogero, Esq. (0611)
Cuyler Burk, P.C.
Parsippany Corporate Center
Four Century Drive
Parsippany, New Jersey 07054
Telephone: (973) 734-3200
Facsimile: (973) 734-3201

Counsel for Allstate Insurance Company, solely as successor in interest to Northbrook Excess and Surplus Insurance Company, formerly Northbrook Insurance Company