Buchwald

```
┌─────────────────────────┐
│ USDS SDNY               │
│ DOCUMENT                │
│ ELECTRONICALLY FILED    │
│ DOC #: _____          │
│ DATE FILED: 5/28/09     │
└─────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

INGERSOLL-RAND COMPANY,

      Plaintiff,

v.

CNA INSURANCE COMPANY, AS
SUCCESSOR TO CONTINENTAL
CASUALTY COMPANY,

      Defendant.

Civil Action No.:
08 Civ. 3532 (NRB)

**JOINT PROTECTIVE
STIPULATION AND ORDER
REGARDING CERTAIN
MATERIALS PRODUCED IN
DISCOVERY**

---

    This matter having been opened to the Court by joint application of McCarter & English, LLP, attorneys for plaintiff Ingersoll-Rand Company ("Ingersoll Rand") and Ford Marrin Esposito Witmeyer & Gleser, LLP, attorneys for defendant, for a Protective Order pursuant to Fed. R. Civ. P. 26(c), and it appearing that certain documents and other information to be produced in discovery herein may contain confidential or proprietary business, financial or other private information; and it appearing that counsel of record have agreed that it would serve the interests of the parties to conduct such discovery under a Protective Order; and for good cause appearing;

    IT IS on this 27th day of May, 2009 HEREBY ORDERED THAT:

    1. All discovery materials shall be used solely for the purposes of this action.

    2. Any Party producing discovery materials may designate ("Designating Party"), in good faith, any such materials or any portions thereof as confidential by stamping or labeling each page containing such matter with the legend "CONFIDENTIAL PER COURT ORDER IN CIVIL ACTION 08CV3532(NRB)."

3. CONFIDENTIAL discovery materials shall mean any non-public information the producing person reasonably and in good faith believes properly protected under Federal Rule of Civil Procedure 26(c)(1)(G) and which constitutes:

   a. a "Trade Secret," which the Uniform Trade Secrets Act defines as information, including a formula, pattern compilation, program, device, method, technique or process, that:

      i. derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by, other persons who can obtain economic value from its disclosure or use; and

      ii. is the subject of reasonable efforts to maintain its secrecy.

   b. research, development or commercial information of a highly competitive sensitive nature and that a reasonably prudent person in the applicable field would not release to or share with the public in the ordinary course of business, and the release of which likely would cause proprietary, competitive or economic harm.

   c. personal information protected from disclosure under state or federal law, or where disclosure of that information would offend a reasonable person and not legitimately be of public concern.

   d. proprietary or confidential information, the disclosure of which may impinge upon the interests of the producing person in maintaining the confidential nature of financial and other business transactions.

4. The Parties shall not engage in mass, indiscriminate or routine CONFIDENTIAL designations. If a document contains both confidential and non-confidential information, then the designating Party conditionally may mark the entire

document as CONFIDENTIAL. Upon written request of another Party, however, the designating Party shall identify, within thirty (30) days or as otherwise agreed upon by the Parties, the specific material within any document that qualifies for protection.

5. Any non-Parties producing documents pursuant to a subpoena may designate such documents, or any portions thereof, as CONFIDENTIAL by requesting, in writing to all Parties, that the discovery materials be subject to the provisions of this Stipulation and Order.

6. Any Party may designate as CONFIDENTIAL any discovery materials, or any portions thereof, produced by a non-Party pursuant to a subpoena by identifying (by page number, Bates number or otherwise), in a writing sent to all Parties within sixty (60) days after receiving the discovery materials, those pages that constitute or contain such confidential material.

7. Any Party may designate the transcripts of depositions or other testimony, or any portions of such transcripts, as CONFIDENTIAL by, within sixty (60) days after receiving the transcript: (a) submitting the transcript with each page of the confidential portions stamped or labeled with the legend "CONFIDENTIAL PER COURT ORDER IN CIVIL ACTION 08CV3532(NRB)"; (b) identifying, in a writing sent to all Parties, the page numbers corresponding to the confidential portions of the transcript; or (c) a combination of these methods. If a Party harbors a good faith belief that a significant portion of testimony will constitute or contain CONFIDENTIAL information, then that Party may request on the record of the deposition or other testimony that the entire transcript or portion thereof be labeled and treated as CONFIDENTIAL.

8. A Party may designate as CONFIDENTIAL any portion of its responses to interrogatories, requests to admit or any other discovery requests by stamping or labeling with the legend "CONFIDENTIAL" each page of the response containing such confidential information.

9. A Party shall designate discovery materials as CONFIDENTIAL at the time it produces such materials. The Parties shall treat as CONFIDENTIAL every transcript of a deposition or other testimony, and all material produced by any non-Party in response to a subpoena, for sixty (60) days following the date of such testimony or production, subject to reasonable extensions agreed to among the Parties.

10. Unless otherwise ordered by this Court, discovery materials designated CONFIDENTIAL shall be maintained in confidence and shall not be disclosed to any person except:

a. counsel of record to the Parties in this action, in-house counsel and any legal assistants, clerical, secretarial or other support staff or services operating under the supervision or instruction of such counsel;

b. officers, directors, members, partners or employees of a Party with whom that Party determines it must confer for purposes of these actions;

c. the liability insurers, reinsurers or retrocessionaires of any Party to the extent reasonably necessary;

d. any trial witness or person being deposed in connection with these actions, provided such disclosure occurs during the preparation for and/or during the trial testimony or deposition of such individual and appears reasonably necessary to a Party's prosecution or defense of these actions;

e. testimonial and non-testimonial experts -- and, as necessary, such expert's staff -- consulted by a Party in connection with these proceedings to the extent necessary for such experts to prepare a written opinion, to prepare to testify or to assist the Party in prosecuting or defending this action; and

f. the Court (including any appellate court), persons employed by the Court, the jury, or stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom.

11. Any person, other than outside and in-house counsel to the Parties, receiving access to CONFIDENTIAL information shall be advised of this Stipulation and Order and shall be asked to agree to be bound hereto before receiving access to such information. No person receiving CONFIDENTIAL information shall disclose such information to any person not entitled to receive such information.

12. Nothing in this Stipulation and Order shall prohibit any of the Parties from:

a. using or offering into evidence CONFIDENTIAL discovery materials, or referring to or reciting any information contained in such materials, at any trial or hearing in these actions. Any Party may move the Court for an order that the Court receive the CONFIDENTIAL evidence *in camera* or under other conditions to prevent unnecessary disclosure of same.

b. including CONFIDENTIAL discovery materials or information contained in such materials with any papers submitted to the Court in this action, provided the Party files such discovery materials under seal;

    c. seeking further, greater or lesser protection with respect to the use of any CONFIDENTIAL discovery materials; or

    d. requiring the Party designating any discovery materials as CONFIDENTIAL to justify, under Federal Rule 26(c), the need for the protections of this Stipulation and Order.

  13. If a Party receives a subpoena or other compulsory process from any court, administrative or legislative body or other authority, which seeks production of any CONFIDENTIAL discovery materials, then the receiving Party: (a) as soon as reasonably practicable shall give notice thereof to the Designating Party by telephone and electronic mail and shall furnish the Designating Party with a copy of the subpoena or other compulsory process so as to afford the Designating Party a reasonable opportunity to seek a protective order; and (b) if the Designating Party applies for a protective order before the return date of the subpoena or other compulsory process, shall not produce such CONFIDENTIAL materials, unless otherwise required by law, prior to receiving a court order or the consent of the Designating Party. If the receiving Party produces such CONFIDENTIAL materials notwithstanding the Designating Party's timely application for a protective order, then all persons subject to this Stipulation and Order shall continue to treat such materials as CONFIDENTIAL unless and until this Court otherwise shall direct.

  14. Within sixty (60) days after the termination of these actions and the exhaustion of all appellate remedies, all discovery materials designated as CONFIDENTIAL and all copies thereof, and all originals and copies of excerpts, summaries or other material derived therefrom, shall either be returned to counsel for the

Designating Party or, at the option of the Party possessing the CONFIDENTIAL material, shall be destroyed. Notwithstanding the foregoing: (a) no Party or non-Party shall be required to return or destroy any excerpts, summaries or other material derived from CONFIDENTIAL discovery materials which otherwise fall within the work product doctrine, attorney-client privilege or other applicable privilege; and (b) the Parties may retain copies of any CONFIDENTIAL discovery materials included in papers filed with the Court.

15. This Court shall retain jurisdiction to amend and/or modify this Stipulation and Order as the Court, from time to time, may deem appropriate. Any Party may apply to the Court, at any time, for amendment or modification of this Stipulation and Order. This Stipulation and Order shall survive the final determination of these actions and shall remain in full force and effect after the conclusion of all proceedings herein in order to provide the Court with ancillary jurisdiction to enforce its terms and to ensure compliance herewith.

16. Neither the termination of these actions, the dismissal of any Party from these actions, nor the termination of employment of any person with access to any CONFIDENTIAL discovery materials shall relieve such Party or person from its or his/her obligations under this Stipulation and Order.

17. Nothing in this Stipulation and Order shall restrict a Party or non-Party from disclosing its own CONFIDENTIAL information to any person or entity.

18. A Party's inadvertent or unintentional disclosure of any CONFIDENTIAL documents or information shall not waive, in whole or in part, the CONFIDENTIAL designation of the documents or information inadvertently disclosed.

19. This Stipulation and Order shall not prejudice the rights of the Parties to challenge the propriety of discovery on any grounds or to assert a claim of privilege pursuant to the attorney-client privilege, work product doctrine, joint defense privilege or any other applicable privilege or rule. Nothing contained in this Order shall be construed as a waiver of, or shall affect in any way, any objection any Party might raise to the admissibility at trial of any document or information.

20. The filing and entry of this Stipulation and Order shall not constitute a waiver of any rights under any applicable law and/or Court Rule.

Dated: May 27, 2009

Hon. Naomi Reice Buchwald
United States District Court Judge

The undersigned counsel of record consent to the form and entry of this Joint Protective Stipulation And Order Regarding Certain Materials Produced In Discovery.

| McCARTER & ENGLISH, LLP | FORD MARRIN ESPOSITO WITMEYER & GLESER, LLP |
|---|---|
| By: _____ | By: _____ |
| Steven H. Weisman, Esq. (SW 2408) | Edward M. Pinter, Esq. (EP 5869) |
| Anthony Bartell, Esq. | Alfred L. D'Isernia, Esq. (AD 9700) |
| (Admitted *Pro Hac Vice*) | Wall Street Plaza |
| 245 Park Avenue, 27th Floor | New York, NY 10005-1875 |
| New York, NY 100167-0001 | 212-269-4900 (phone) |
| 212-609-6800 (phone) | 212-344-4294 (fax) |
| 212-609-6921 (fax) | Attorneys for Defendant |
| Attorneys for Plaintiff | |